12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John MANCINI, Plaintiff-Appellant,
v.
Ron EDWARDS, Warden, et al., Defendants-Appellees.
 No. 93-3574.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1993.
 
 Before: RYAN and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 John Mancini appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Mancini sued several Ohio correctional personnel in their individual and official capacities. Mancini alleged that: 1) the defendants violated his due process rights at separate disciplinary hearings occurring on March 8, March 9, March 31, April 22, and June 22, 1992; 2) the defendants harassed him and conspired against him in retaliation for filing grievances; 3) one of the defendants conducted a strip search of Mancini in violation of his First Amendment rights; and 4) the defendants violated Mancini's Eighth Amendment rights when they forced him to work, even though he suffered from back problems. The district court granted summary judgment for the defendants and dismissed the case. Mancini has filed a timely appeal. On appeal, he requests the appointment of counsel.
 
 
 3
 Initially, we note that Mancini does not challenge on appeal the district court's determination regarding the disciplinary hearings held on March 8, March 9, March 31, and June 22, 1992. Therefore, these issues are considered abandoned and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 4
 Upon review of the remaining claims, we conclude that the district court properly granted summary judgment for the defendants. There is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 Accordingly, we deny Mancini's request for counsel and affirm the judgment for the reasons set forth in the district court's opinion and order filed on April 26, 1993. Rule 9(b)(3), Rules of the Sixth Circuit.